UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INCWEBS, INC.,

      Plaintiff,

v.                            Case No. 8:15-cv-1661-T-33TGW

FIRST STUDENT, INC.,

      Defendant.
_____/

## ORDER

    This cause is before the Court on Plaintiff's Motion to Extend Discovery Deadline to Depose Out-Of-State Witness (Doc. # 40), filed on May 2, 2016, and Defendant's response in opposition and supplement thereto (Doc. ## 42, 43), filed on May 4, 2016. For the reasons that follow, the Motion is granted to the extent provided herein.

## Discussion

    On July 22, 2015, the Court issued a Case Management and Scheduling Order that, among other things, established a discovery deadline of April 1, 2016. (Doc. # 13). Thereafter, on December 10, 2015, upon the joint motion of the parties, the Court extended the discovery deadline to April 8, 2016. (Doc. ## 24, 25). The parties filed another Joint Motion to Extend Discovery Deadline on March 24, 2016, and the Court

granted a second extension through May 2, 2016. (Doc. ## 34, 35). In doing so, the Court cautioned the parties that "[t]he Court will not grant any further extension of time as to the discovery deadline." (Doc. # 35).

On March 31, 2016, Incwebs scheduled the deposition of Incwebs' corporate representative for April 21, 2016. (Doc. # 40 at ¶ 2). Despite having three-weeks' notice of the scheduled deposition and the subject matters to be discussed, First Student waited until the morning of April 21, 2016, to inform Incwebs that it could not produce a corporate representative to testify about the following Designated Subject Matters: (1) "The negotiation and execution of the Confidentiality Agreement"; (2) "The negotiation and execution of the Letter of Intent"; (3) "Any implicit agreement between First Student and Incwebs"; and (4) "Any documents upon which [First Student] based the Letter of Intent." (Id. at ¶ 3). According to Incwebs, the Designated Subject Matters are central to its claims against First Student. (Id. at ¶ 4).

In spite of this, Incwebs proceeded with the depositions of First Students' corporate representatives on April 21 and 22, 2016, and thereafter "requested First Student to produce

a corporate representative to testify to the Designated Subject Matters." (Id. at ¶ 6).

Subsequently, on May 2, 2016, Incwebs tried once more to depose First Student's corporate representative. (Id. at ¶ 7). However, Incwebs contends that the corporate representative still could not adequately testify about the Designated Subject Matters. (Id.). Rather, the corporate representative advised that Christian Gartner has the most information on those subjects. (Doc. # 43-1 at 3). Christian Gartner, a former employee of First Student, resides in Ohio and cannot be subpoenaed to testify at trial. (Doc. # 40 at ¶¶ 5, 8); see also Fed. R. Civ. P. 45(c)(1).

Following the deposition, Incwebs filed its Motion to Extend Discovery Deadline in order to take the deposition of out-of-state witness Christian Gartner. (Doc. # 40). In its Motion, Incwebs avers that the extension of the discovery deadline to depose Mr. Gartner is necessary because:

> (a) testimony regarding the Designated Subject Matters is critical to Incwebs' claims; (b) First Student Failed to provide a corporate representative that was adequately prepared to testify to the Designated Subject Matters; and (c) Mr. Gartner is an out-of-state witness that may not be commanded to attend trial pursuant to Rule 45(c)(1).

(Id. at ¶ 9).

3

The Court notes that Incwebs should have appreciated Mr. Gartner's relevance to this case prior to the May 2, 2016, discovery deadline. However, First Student placed Incwebs in a difficult position when it failed to prepare its corporate representatives to "give complete, knowledgeable and binding answers on behalf of the corporation," Cont'l Cas. Co. v. First Fin. Emp. Leasing, Inc., 716 F. Supp. 2d 1176, 1189 (M.D. Fla. 2010) (citation omitted), before the discovery deadline.

In light of these particular circumstances, the Court determines that Incwebs should be given the opportunity to take the deposition of Mr. Gartner in order to preserve his testimony for use at trial. To be clear, Incwebs shall not use the deposition of Mr. Gartner for discovery purposes; rather, Incwebs may only use the deposition in lieu of live testimony at trial.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion to Extend Discovery Deadline to Depose Out-Of-State Witness (Doc. # 40) is **GRANTED** to the extent set forth herein.

(2) Plaintiff may take the deposition of Christian Gartner, on a date agreed to by both parties, for the limited

4

purpose of using the deposition in lieu of live testimony at trial.

(3)   The deposition shall be limited to the following Designated Subject Matters:

(a)   The negotiation and execution of the Confidentiality Agreement;

(b)   The negotiation and execution of the Letter of Intent;

(c)   Any implicit agreement between First Student and Incwebs; and

(d)   Any documents upon which the Letter of Intent was based.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of May, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE